Company, Similarly Situated and in the Right of Said Company, Respondents, v. PERCY J. EBBOTT et al., Respondents, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, J. P., Rabin, Cox and Frank, JJ.

EDITH G. SELTZER, Appellant, v. WILLIAM B. SELTZER, Respondent.— Order, denying plaintiff's motion for leave to enter judgment for arrears and for other relief, and granting defendant's cross motion to modify the judgment of divorce, unanimously reversed. The motions are referred to an Official Referee to hear and report on all the issues raised by the conflicting affidavits including the financial circumstances of the defendant. These issues cannot be determined upon the papers alone. Plaintiff is allowed the sum of $250 counsel fees without prejudice to an application for such further allowance as the circumstances may warrant, on the filing of the Referee's report. Settle order on notice. Concur — Botein, J. P., Rabin, Cox and Frank, JJ.

LINDA M. LANDSMAN et al., by GRACE G. LANDSMAN, Their Guardian ad Litem, Respondents, v. ADOLPH R. LANDSMAN, Appellant.— Order unanimously modified to the extent of striking out that portion of item 9 of the plaintiffs' notice of examination before trial following the semicolon in said item and, as so modified, affirmed, without costs. No opinion. Settle order on notice. Concur — Botein, J. P., Rabin, Cox and Frank, JJ.

In the Matter of BRESWICK & COMPANY, Appellant, against GREATER NEW YORK INDUSTRIES, INC., et al., Respondents.— Appeal unanimously dismissed. (See disposition of *Matter of Breswick & Co.* v. *Greater N. Y. Inds.*, *post*, p. 880.) Concur — Botein, J. P., Rabin, Cox and Frank, JJ.

In the Matter of BRESWICK & COMPANY, Appellant, against GREATER NEW YORK INDUSTRIES, INC., et al., Respondents.— In view of the fact that petitioner failed to obtain leave to appeal from the intermediate order, pursuant to the provisions of section 1304 of the Civil Practice Act, the motion to dismiss the appeal is unanimously granted. Concur — Botein, J. P., Rabin, Cox and Frank, JJ.

## (March 29, 1956)

FRANKEL INDUSTRIAL CORPORATION, Appellant, v. REYNOLDS METALS COMPANY, Respondent.

*Per Curiam.* On plaintiff's appeal from an order granting defendant summary judgment, it appears that there are issues of fact to be tried.

The primary question is whether the parties ever made an enforcible agreement for the sale and delivery of processed aluminum parts.

While the documents do show that as late as June, 1950, the parties had not agreed on certain changes, it is nevertheless asserted, with supporting basis in the affidavits, that a definite agreement had already been reached, prices fixed, and the orders approved, enforcible in the absence of modification by mutual consent.

The fact that there were later changes in specifications, and consequent changes in prices, from time to time, does not necessarily show that the parties did not have a firm and definite agreement. It appears from the documents and the affidavits that the parties, in any event, contemplated that changes would be made from time to time before the aluminum parts would be actually